IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUTCHINSON GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05cv1745 |
| ) | Judge Thomas M. Hardiman |
| AMERICAN INTERNATIONAL ) | |
| SPECIALTY LINES INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**I.   Introduction**

This insurance coverage action began when Plaintiff The Hutchinson Group, LTD (Hutchinson) filed a Complaint alleging breach of contract and bad faith against its insurer, Defendant American International Specialty Lines Insurance Company (AISLIC), in the Court of Common Pleas of Westmoreland County.  After AISLIC removed the case to this Court on December 19, 2005, Plaintiff timely filed a Motion to Remand, which is the subject of this Opinion.  For the reasons that follow, the Motion will be denied.

**II.  Facts**

In October of 2002, Hutchinson was hired by First Commonwealth Bank (First Commonwealth) to conduct a geophysical study to determine whether storage tanks were located on a site in Ebensburg, Cambria County, Pennsylvania that had previously been used as a gas station (the Property).  On October 15, 2002, Hutchinson examined the Property.  One week later, Hutchinson referenced maps of the Property that did not identify any underground tanks

and reported that it did not find any storage tanks during its inspection. Over two years later, in November of 2004, while First Commonwealth was excavating the Property to construct a branch office, it allegedly discovered an underground storage tank and soil contaminated by leakage from the tank near the western corner of the Property. On July 19, 2005, First Commonwealth sued Hutchinson in the Allegheny County Court of Common Pleas, alleging breach of contract, breach of implied warranty, negligence and professional negligence.

Hutchinson is insured by AISLIC pursuant to Policy No. 9353794, which includes professional liability coverage on a claims made basis retroactive to April 23, 2004. On September 22, 2005, AISLIC notified Hutchinson of its decision to deny coverage in the case brought by First Commonwealth. AISLIC claimed that it did not provide coverage because Hutchinson's alleged negligent acts occurred prior to the retroactive date and because the geophysical survey was not an environmental impact study. On November 14, 2005, Hutchinson filed a Complaint against AISLIC in the Westmoreland County Court of Common Pleas alleging that it is entitled to a defense and indemnification in the First Commonwealth case pending in the Allegheny County Court of Common Pleas. AISLIC then removed the matter here and Hutchinson filed a motion to remand, citing the decision of the Third Circuit Court of Appeals in *State Auto Insurance Company v. Summy*, 234 F.3d 131 (3d Cir. 2000).

**III.   Standard of Review**

A defendant that removes a case to federal court bears the burden of establishing federal jurisdiction. *See Pullman Co. v. Jenkins*, 305 U.S. 534 (1939); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In considering whether to remand, "[b]ecause lack of

jurisdiction would make any decree in the case void and continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995); *see also Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996). If there is any doubt as to whether federal jurisdiction lies, the case should not be removed to federal court. *Brown*, 75 F.3d at 865 (*citing Boyer*, 913 F.2d at 111; *Abels*, 770 F.2d at 29). When the basis of removal is federal question jurisdiction, the propriety of the removal rests on whether plaintiff's well-pleaded complaint raises claims that arise under federal law. *Caterpillar*, 482 U.S. at 392.

**IV.   Analysis**

As the Supreme Court noted recently: "In *Cohens v. Virginia*, Chief Justice Marshall famously cautioned: 'It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction, if it should . . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Vickie Lynn Marshall v. E. Pierce Marshall*, 547 U.S. ___ (2006) (internal citations omitted). The Court of Appeals for the Third Circuit similarly recognized that "it is axiomatic that federal courts have a virtually unflagging obligation to exercise the jurisdiction given them by Congress." *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997). As the Supreme Court made clear in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976):

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases

>       can be justified under this doctrine only in the exceptional circumstances
>       where the order to the parties to repair to the state court would clearly serve
>       an important countervailing interest.

*Id.* at 813 (internal citations omitted).

The Supreme Court in *Colorado River* noted three general categories of cases in which federal courts should abstain from exercising jurisdiction. First, "abstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Id.* at 814 (internal citations omitted). "Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." *Id.* Finally, "abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 815.

In addition to the foregoing three types of cases, the Supreme Court indicated prudential considerations that should guide courts in determining when abstention is proper. *Id.* The Court of Appeals for the Third Circuit summarized those factors: "(1) whether the state court assumed in rem jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *Johnson* 115 F.3d at 196. At the same time, the Third Circuit recognized that "no one factor is determinative and only the clearest of justifications will warrant dismissal." *Id. citing Colorado River*, 424 U.S. at 818-19.

At some variance with the general abstention principles established in *Colorado River*, the Supreme Court long ago considered abstention in the context of declaratory judgment

actions. In *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491 (1942), the Court determined that "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, 28 U.S.C.A. §400, it was under no compulsion to exercise that jurisdiction." *Id.* at 494. Since *Colorado River* was decided decades after *Brillhart,* there was some question as to whether the discretion given to courts in declaratory judgment actions had been eroded by *Colorado River*. Accordingly, the Supreme Court revisited the "*Brillhart* Doctrine" in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995).

In *Wilton,* Justice O'Connor, interpreting *Brillhart,* wrote that "the question for a district court presented with a suit under the Declaratory Judgment Act, the Court found, is 'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Id*. at 282 (internal citation omitted). This is the case because "since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. On its face, the statute provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* at 286 *citing* 28 U.S.C. §2201(a) (emphasis added). "We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id*. at 287. The Supreme Court then enumerated factors federal courts should consider, which the Court of Appeals for the Third Circuit summarized in the seminal case of *State Auto Ins. Companies v. Summy*, 234 F.3d 131 (3d Cir. 2000) as follows:

    1. A general policy of restraint when the same issues are pending in a state

5

> court; 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; 3. Avoidance of duplicative litigation. These precedents counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled. A federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation. Moreover, district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it.

*Id*. at 134-5. While not an exhaustive list, the foregoing factors generally govern a district court's decision to exercise jurisdiction over declaratory judgment actions.

In the instant case, Hutchinson argues that the *Brillhart/Summy* analysis controls. In support of this argument, Hutchinson relies heavily on *Allstate Ins. Co. v. Seelye*, 198 F.Supp.2d 629 (W.D. Pa. 2002), in which a declaratory judgment action was dismissed *sua sponte* despite the absence of a parallel state action. In *Seelye*, the Court echoed the determination of the Court of Appeals in *Summy* that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy,* 234 F.3d at 136. Hutchinson asserts that here, as in *Seeyle*, this insurance dispute has no special call on the federal forum and the Court should refrain from exercising jurisdiction.

In response, AISLIC argues that the Court should apply the more stringent abstention doctrine of *Colorado River,* which not surprisingly would require that the Court exercise jurisdiction over this case. Specifically, AISLIC contends that the *Brillhart/Summy* line of cases applies only to purely declaratory judgment actions and not to cases such as this one, which includes damages claims in addition to the claim for declaratory relief.

Although the Third Circuit has not expressly addressed a case involving additional claims, numerous precedents support AISLIC's contention that the more permissive *Brillhart* Doctrine should be applied only in purely declaratory judgment actions. For example, in *Summy*, the Court cited *Wilton* for the proposition that "district court decisions should be reviewed under an abuse of discretion standard *in actions for declaratory relief* where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in the state court." *Summy*, 234 F.3d at 134 (emphasis added). Other courts of appeals have reached the same conclusion reached by the Third Circuit in *Summy*. *See, e.g., Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005) (*Brillhart* controls if the action is "purely declaratory"); *Black Sea Inv. Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000) (*Colorado River* controls when a party seeks both injunctive and declaratory relief); *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002) (*Brillhart* not applicable to cases that involve claims for injunctive relief); *Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999) (applying *Colorado River* standard where federal action did not seek "purely declaratory relief"); *Snodgrass v. Provident Life and Accident Ins. Co.*, 147 F.3d 1163, 1165 (9th Cir. 1998) ("[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission or other claims for monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief").

The Complaint in this case pleads three counts, only one of which seeks a declaratory judgment. Count Two seeks damages for breach of contract and Count Three seeks both damages and fees for bad faith. Thus, it is clear that this action is not one merely for declaratory

judgment. In light of the substantial weight of authority cited above, the decision whether to abstain in this case is governed by the Supreme Court's decision in *Colorado River*, not *Brillhart*.

"A threshold issue that must be decided in any Colorado River abstention case is whether the two actions are 'parallel.' If they are not, then the district court lacks the power to abstain." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997). In addressing this requirement, the Court of Appeals stated that "the *Colorado River* doctrine applies only if there is parallel state court litigation involving the same parties and issues that will completely and finally resolve the issues between the parties . . . ." *Marcus v. Township of Abington*, 38 F.3d 1367, 1371 (3d Cir. 1994).

In the instant case, the parties are Hutchinson and AISLIC while the parties to the state court action are First Commonwealth and Hutchinson. Thus, because both identity of the parties and issues is lacking, it is clear that this is not a proceeding parallel to the state court action. Accordingly, this case does not satisfy the threshold requirement of *Colorado River* and the Court has no right to decline the exercise of jurisdiction conferred by Congress.

Even assuming, *arguendo*, that this case should be analyzed under the more permissive *Brillhart* standard for declaratory judgment actions, abstention would still be inappropriate. The first factor noted by the Court of Appeals in *Summy* - - general restraint when the same issues are pending in state court - - is inapplicable here because the proceedings involve neither the same parties nor the same issues, so the insurer is faced neither with an inherent conflict nor duplicative litigation. Furthermore, the laws raised in the Complaint concerning breach of contract and bad faith are neither close nor unsettled. Thus, even if *Colorado River* were inapposite, on the facts of this case, *Brillhart* and *Summy* do not weigh in favor of abstention.

In sum, the Court has an obligation to exercise the jurisdiction conferred by Congress except in the narrow circumstances established by the Supreme Court. Because this case satisfies neither *Colorado River* nor *Brillhart/Summy*, abstention is inappropriate and the Motion to Remand will be denied.

An appropriate order follows.

                                                     s/ *Thomas M. Hardiman*
                                                   Thomas M. Hardiman
                                                   United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HUTCHINSON GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:05cv1745 |
| ) | Judge Thomas M. Hardiman |
| AMERICAN INTERNATIONAL ) | |
| SPECIALTY LINES INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

AND NOW, this 5th day of June, 2006, upon consideration of Plaintiff's Motion to Remand, for the reasons set forth in the Opinion accompanying this Order, it is hereby

ORDERED that the Motion (doc.12) is DENIED.

                                                             s/ *Thomas M. Hardiman*
                                                             Thomas M. Hardiman
                                                             United States District Judge

cc: counsel of record